The Federal Land Bank of Baltimore, Appellant, *v.* Registrar of Property of Utuado, Respondent.

No. 882. Submitted January 11, 1933.—Decided January 18, 1933.

 

*José R. Aponte* for appellant. The registrar did not appear.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Jacinto Reyes Delgado and his wife, Margarita Zamora, were the owners of two parcels of land which after being consolidated had a total area of 64 acres (*cuerdas*), and which thus consolidated were recorded in the registry of property. According to a survey made by the surveyor, Francisco I. Arjona, the area of the consolidated property was reduced to 52.519 acres. Said property was mortgaged to the Federal Land Bank of Baltimore by its owners Jacinto Reyes Delgado and his wife, and the survey of the property was set forth in the mortgage deed with the consent of the parties thereto, the notary having before him a copy of the plan duly certified by the surveyor, Mr. Arjona. This copy of the plan was made a part of the said deed which was subsequently recorded in the registry of property. The bank instituted summary proceedings to foreclose the mortgage and the property was sold at public auction and awarded to the mortgage creditor. When the marshal's deed was presented for record in the Registry of Property of Utuado, the registrar refused to record it in full for the reasons stated in the following decision:

"This document is recorded at folio 63 of volume 12 of Jayuya, property number 545 duplicate, fifth inscription, as regards an area of 47.27 acres which resulted from a survey of the property and I refuse this record as regards the remaining 5.249 acres of the

total area of 52.519 acres assigned to the property in this document, because said excess of 5.249 acres is not recorded in favor of the defendants or any other person. . .''

It was assumed that the property had an area of 52.519 acres as per survey attached to the deed. The registrar states that upon this property being surveyed, an area of 47.27 acres resulted, but the decision appealed from does not show whether the Federal Land Bank was a party to that other survey, if any, nor when it was made. If it was made behind the mortgagee's back and the reduction in area of the property was not accepted by said mortgagee, the registrar cannot deprive it of the right to have its title recorded with the area assigned to the property when the same was mortgaged and when the mortgage was recorded. The question of whether or not the property has that area is one to be determined by the interested parties and not exclusively by one of them who may have made a survey without the knowledge of the other party in order to correct the previous survey accepted by both of them.

The decision appealed from must be reversed.